UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Noel Cedeno,** | ) | CASE NO. 1:22 CV 0046 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **Stuart A. Friedman, et al.,** | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Noel Cedeno filed this action under the Racketeer Influenced Corrupt Organization ("RICO") Act, 18 U.S.C. § 1964(c) against the Common Pleas Court judges that presided over his criminal trials, the prosecutors and assistant prosecutors that presented the State's case, his defense attorneys, the detective who investigated the charges against him and one of the victims of his crimes. This is the third civil rights case in which Plaintiff has attempted to attack his conviction by suing the judges, prosecutors and law enforcement personnel who participated in his criminal trial. Here, Plaintiff characterizes their actions as a racketeering activity to support a criminal enterprise. He seeks $ 280,000.00 for wrongful incarceration and lost income. (Doc No,. 1 at PageID #: 61).

**BACKGROUND**

In 2011, Plaintiff was named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen. *See Cedeno v. Ohio Atty Gen. Office*, No. 1:20 CV 02659 (N.D. Ohio Mar. 30, 2021); *Cedeno v. McGinty*, No. 1:14 CV 303 (N.D. Ohio Aug. 1,

1

2014). The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses. *Cedeno v. Ohio Atty Gen. Office*, No. 1:20 CV 02659 (N.D. Ohio Mar. 30, 2021). Cedeno was ultimately re-indicted in August 2012 under Cuyahoga County Common Pleas Court Case No. CR–12–564978 with eleven charges, that included importuning, two counts each of gross sexual imposition, rape, and kidnapping, and one count of attempted gross sexual imposition. *Id.* Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions. *Id.* In September 2013 and during the pretrial stages of his pending criminal case, another victim under the age of thirteen came forward alleging that Cedeno raped her. As a result, Cedeno was charged under Case No. CR–13–580862 with one count of rape and kidnapping. Each count contained various specifications, and notices of prior convictions. Case Nos. CR–12–564978 and CR–13–580862 were consolidated without objection. *Id.* He waived his right to a jury trial. He was convicted in Case No. CR–12–564978, of gross sexual imposition of a child under the age of thirteen, rape of a child under the age of thirteen, kidnapping a child under the age of thirteen with a sexual motivation specification, and attempted gross sexual imposition. *Id.* He was convicted in Case No. CR–13–580862 of rape of a child under ten years old and kidnapping. Cedeno was sentenced to two consecutive life sentences on December 2, 2014. *Id.* He pursued direct appeals[1] and a federal habeas corpus action under 28 U.S.C. § 2254[2], but his convictions or sentences were not reversed.

---

[1] *State v. Cedeno*, No. 102327, 2015 WL 9460555, at *1–8 (Ohio Ct. App. Dec. 24, 2015).
[2] *Cedeno v. Gray*, No. 1:17 CV 949 (N.D. Ohio Dec. 16, 2019) Lioi, J.).

Plaintiff also challenged his prosecution, conviction, and sentence through civil actions. He filed his first case against the Cuyahoga County Prosecutor, the Assistant Prosecutor and Judge Friedman while he was still a pretrial detainee. *Cedeno v. McGinty*, No. 1:14 CV 303 (N.D. Ohio Aug. 1, 2014). He asserted that these individuals were engaging in a pattern of corruption. The Court dismissed the case pursuant to 28 U.S.C. § 1915(e) stating that judges and prosecutors are absolutely immune from suit for actions taken during his criminal case. He returned to this Court in 2020 and brought another civil action against the Ohio Attorney General, an Assistant Attorney General, and the Ohio Department of Rehabilitation and Correction, arguing that technical irregularities in his indictment made him the victim, rather than the perpetrator. *Cedeno v. Ohio Atty Gen. Office*, No. 1:20 CV 02659 (N.D. Ohio Mar. 30, 2021). He sought restitution from the State of Ohio and release from prison. The Court dismissed that action under 28 U.S.C. § 1915(e) stating that he could not challenge his conviction or sentence in a civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Plaintiff has now filed a third civil action to challenge his conviction, asserting RICO claims against four Common Pleas Court Judges, four Prosecutors, one Assistant Attorney General, four Criminal Defense Attorneys, one of the victims of his crimes, and a Police Detective. He contends Judge Friedman's courtroom is an enterprise. (Doc. No. 1 at 7, 11). He alleges that the Defendants conspired "in a nefarious systematic illegal practice of seeking and gaining indictments." (Doc. No. 1 at 5). He lists six predicate acts in which he claims the Defendants participated. Of those, only two are actually listed as predicate offenses in the RICO statute, namely 18 U.S.C. § 1503 (obstruction of justice) and 18 U.S.C. § 1028 (fraud and related activity in connection with identification documents). (Doc. No. 1 at 11).

3

To support his assertion of obstruction of justice as a predicate offense, Plaintiff states, "[t]he acts clearly present the threat of long term continuous criminal activity. Because [he] was convicted and prosecuted unlawfully every action or reaction to the acts which placed [him] in prison are criminal because [he] is incarcerated unlawfully." (Doc. No. 1 at 15). He claims he was in jail when one of the crimes was committed. He indicates Judge Friedman denied him the right to a jury trial, and states that no police reports were presented to him and he was never served with a warrant. (Doc. No. 1 at 16-17). His obstruction of justice claims against Assistant Attorney General Mary Ann Reese and Judge Vavra are based on a state habeas corpus action. *Cedeno v. Warden Belmont Correctional Institution*, No. 20 CV 232 (Belmont Ct. Comm. Pl. Dec. 11, 2020). Judge Vavra presided over the case. Reese represented the Warden. Judge Vavra granted Reese's Motion to Dismiss under Rule 12(b)(6) and denied Plaintiff's Motion for Summary Judgment. Plaintiff contends the Motion to Dismiss should have been denied.

Plaintiff's claims pertaining to fraudulent identification documents as a predicate offense are more specious. He contends that his indictment was fraudulent because it falsely identified him as the perpetrator. He concludes that the indictment therefore is a false identification document. (Doc. No. 1 at 17). He further reasons that any use or possession of the indictment was therefore a violation of 18 U.S.C. § 1028.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

4

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Before addressing the merits of Plaintiff's claims, the Court must first determine whether this action can be brought against any of the named Defendants. Of the fifteen Defendants in this

5

action, four are judges and four are prosecutors. All eight of them are absolutely immune from suits for damages.

Judges are provided absolutely immunity from civil suits for money damages to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants or criminal defendants. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). As long as the allegations are centered on the judge's actions while presiding over the case, immunity can only be overcome if the judge acted in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57.

A careful review of the Complaint reveals the four Judges are immune from suit. The allegations against them are centered on their conduct while presiding over cases in which Plaintiff was a party. Judges Friedman, Villanueva and Astrab presided over his criminal arraignments and prosecutions. Judge Vavra presided over a civil action in which Plaintiff was a party. Plaintiff alleges these actions constitute racketeering activity. State criminal proceedings and civil cases are within the subject matter jurisdiction of the Common Pleas Courts. These Judges are entitled to absolute immunity.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly

performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id*.

The claims against Prosecutors McGinty and Mason and Assistant Prosecutors Ducoff and Zarczylic are based solely on their representation of the State of Ohio in the criminal proceedings against Plaintiff. Their actions fall well within the contours of a prosecutor's duty. Therefore, these Defendants are also entitled to absolute immunity.

This leaves Plaintiff's RICO claims against the Assistant Attorney General who represented the State of Ohio in a civil action filed by Plaintiff (Reese), one of Plaintiff's sexual abuse victims (Alvarez), and the detective whose investigation led to criminal charges (Evans). Although these Defendants are not entitled to absolute immunity, Plaintiff failed to state a claim upon which relief may be granted against them.

As an initial matter, Plaintiff's RICO claims are a thinly veiled attempt to collaterally attack his conviction. He seeks damages for wrongful incarceration and lost wages. In order to recover damages for actions which if found unlawful would render his conviction or sentence invalid, Plaintiff must first allege and prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a Writ of Habeas Corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable in a civil action for damages. Therefore, when a state prisoner seeks damages in a civil suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that

7

the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, although raised under the guise of a RICO action, Plaintiff attacks his indictment, his prosecution, and his conviction claiming they were fraudulent and an obstruction of justice. These allegations, if found to have merit, would call into question the validity of his conviction. He has not alleged that his conviction has been overturned on appeal. He filed two Habeas Petitions under 28 U.S.C. § 2254 which were both denied on the merits. *Cedeno v. Gray*, No. 1:17 CV 949 (N.D. Ohio Dec. 16, 2019); *Cedeno v. Miller*, No. 1:15 CV 1251 (N.D. Ohio Feb. 26, 2016). He is still a prisoner, housed in the Belmont Correctional Institution. Absent an indication that his conviction was overturned, he cannot proceed with a claim for damages based on the unlawfulness of his conviction.

Finally, even if Plaintiff could proceed with his RICO claims, they are frivolous. The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (at least two acts) (4) of racketeering activity (known as "predicate acts" set forth in 18 U.S.C. § 1961(1)) (5) causing injury to the Plaintiff's "business or property." 18 U.S.C. §§ 1964(c), 1962(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff contends the criminal enterprise is Judge Friedman's courtroom. He asserts that the Defendants' actions of reporting a crime, investigating the crime, prosecuting a crime, and representing the State in a civil suit are the racketeering activities. Judge Friedman's courtroom is not a criminal enterprise. It is a subdivision of the Common Pleas Court established by Ohio Revised Code § 2302.01. The actions of the Defendants are those necessary to carry out the functions of the court. They do not

in any way violate 18 U.S.C. § 1503 (obstruction of justice) or 18 U.S.C. § 1028 (fraud and related activity in connection with identification documents). Plaintiff has not met the basic pleading requirements for a civil RICO claim.

Moreover, even if his claim were not frivolous, the four-year statute of limitations period for filing a RICO claim has long expired. *See Rotella v. Wood*, 528 U.S. 549, 553 (2000) (a civil RICO action has a four-year limitation period). The four-year period begins to run when the Plaintiff knew, or through exercise of reasonable diligence should have discovered, that he was injured by a RICO violation." *Sims v. Ohio Cas. Ins. Co.*, 151 Fed.Appx. 433, 435 (6th Cir. 2005) (citing *Rotella*, 528 U.S. at 553–55); *see also Bygrave v. Van Reken*, No. 99–1702, 2000 WL 1769587, at *3 (6th Cir. Nov. 14, 2000) (noting that a plaintiff need not discover both the RICO "injury" and the "pattern of racketeering activity" in order to trigger the four-year statute of limitations). Plaintiff bases his RICO claims on his criminal trial and conviction. He therefore knew or should have known the basis for his claims by the time he was sentenced in December 2014. He filed this action in January 2022, three years beyond the expiration of the statute of limitations period. His RICO claims, if not frivolous, would be untimely.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 4, 2022

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE